## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: STUART S. SHULMAN and            :
      DAWN MARIE SHULMAN, Deceased    :       Chapter 13
              Debtor(s)            :
                               :
                               :       Bankruptcy No. 17-17681-MDC

### **O R D E R**

**AND NOW**, this _____ day of _____, 2023, the debtor(s) having completed their Chapter 13 plan and on February 15th, 2023 the chapter 13 trustee having filed a final report.

    **AND**, section 1328 of the Bankruptcy Code provides, in pertinent part:
        (a)... [A]s soon as practicable after completion by the debtor of all payments under the plan, and in the case of a debtor who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, after such debtor certifies that all amounts payable under such order or such statute that are due on or before the date of the certification . . . have been paid, . . . the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title except any debt—
        . . .
        (g)(1) The court shall not grant a discharge under this section to a debtor unless after filing a petition the debtor has completed an instructional course concerning personal financial management described in section 111.

    **AND**, on December 5th, 2022, the debtors' attorney filed a Suggestion of Death regarding the debtor-wife, DAWN MARIE SHULMAN, stating that she died on April 2, 2022, He has now attached a copy of the Certificate of Death.

    **AND**, Fed. R. Bankr. P. 1016, regarding death or incompetency of a debtor, states (in relevant part):

> If a[n] . . . individual's debt adjustment case is pending under . . . chapter 13, the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.

And the legislative history of § 541 states:

> Once the estate is created, no interests in property of the estate remain in the debtor. Consequently, if the debtor dies during the case, only property exempted from property of the estate or acquired by the debtor after the commencement of the case and not included as property of the estate will be available to the representative of the debtor's probate estate. The bankruptcy proceeding will continue in rem with respect to property of the [e]state, and the discharge will apply in personam to relieve the debtor, and thus his probate representative, of liability for dischargeable debts.
>
> 11.R. Rep. No. 95-595, 95th Cong., 1st Sess. 367-68 (1977); S. Rep. No. 95-989, 95th Cong., 2d Sess. 82-83 (1978), U.S. Code Cong. & Admin. News p. 5787.

**AND**, as the debtors have completed their plan payments, further administration of this case is possible and in the best interest of the parties.

Accordingly, it is hereby **ORDERED** that the personal financial management course and domestic support obligations requirements are waived as to debtor DAWN MARIE SHULMAN. It is further ordered that the clerk's office shall enter discharge in this case forthwith.

Dated: April 18, 2023

_____
MAGDELINE D. COLEMAN, CHIEF
UNITED STATES BANKRUPTCY JUDGE